HENRY REBER, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1890

Appellate Practice: WEIGHING EVIDENCE : EVIDENCE SUPPORTING JUDGMENT. It is a settled rule often announced that in actions at law the appellate court will not weigh evidence, nor reverse a judgment for want of evidence, if the record contains evidence substantially sustaining the finding below; and where every substantial averment necessary to sustain the finding is well supported by evidence and a reversal is sought on the sole ground of a want of evidence to sustain such finding, the judgment will be affirmed with damages.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED (*with damages*).

*Adams & Buckner*, for the appellant.

(1) The court ought to have found for the defendant. In this case there is absolutely no evidence that the cattle that were killed went through the defective fence onto the track. The only witnesses that were there on the evening of the accident testified that the gate leading from the pasture onto the right of way, which gate was near the scene of the accident, was standing wide open. That cattle tracks were leading from that gate to the place of the accident, and that, when the cattle, that were not injured, were driven up the track, they went out through this gate. (2) The burden of proof was upon the plaintiff to show that his cattle were killed by reason of the defective condition of the fence, and this he has failed to do. It cannot be assumed that the cattle, would select a defective place in the fence to go through in preference to a gate-way when the gate was open. This gate and defective fence were close together, and it would be more natural for the cattle to have passed out through the gate when it was open than to have struggled through this defective place in the fence. We submit to the court that the evidence is entirely insufficient to sustain the judgment of the lower court, and respectfully ask that the case be reversed.

*William S. Flournoy*, for the respondent.

The court of appeals will not weigh the evidence in an action at law. *City of St. Louis v. Lanigan*, 97 Mo. 175; *Caruth v. Richeson*, 96 Mo. 186; *Webb v. Webb*, 87 Mo. 541; *Avery v. Fitzgerald*, 94 Mo. 207; *Rothschild v. Railroad*, 92 Mo. 91.

GILL, J.—The plaintiff recovered judgment against the defendant for double damages occasioned by the failure of defendant to maintain a lawful fence along its railroad, where the same passes through plaintiff's premises, by reason whereof plaintiff's cattle escaped from the adjoining pasture, belonging to plaintiff, onto defendant's track, where they were run over and killed by defendant's engine and cars. Defendant appealed from the judgment of the circuit court, where the case was tried before the court sitting as a jury, and asks now a reversal on the sole ground of want of evidence to sustain the finding and judgment of the circuit court.

I. It seems scarcely necessary to repeat the rule, so often announced, that in actions at law, such as this, this court will not weigh the evidence—that if the record contains evidence to substantially sustain the finding and judgment below, the judgment will not be reversed for want of evidence, unless indeed it appear, to our satisfaction, that such finding, verdict or judgment was the result of corruption, passion or prejudice.

There is nothing whatever appearing in this case to withdraw it from the terms of the above rule. There was, as shown by the record here, abundant testimony tending to establish plaintiff's case—ample evidence of a very defective fence along the line of defendant's railroad where it passes through plaintiff's premises, and ample evidence to sustain the court's finding that the cattle escaped onto defendant's right of way and were there killed by the defendant's engine and cars by reason of such defective fencing. Every substantial averment necessary to sustain plaintiff's claim is well supported by evidence.

This appeal is without any merit, and we affirm the judgment with ten (10) per cent. damages. All concur.